IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 1:23-cv-03110-DLF |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc. filed this Freedom of Information Act ("FOIA") case seeking documents from Special Counsel Jack Smith (with his Office, the "Special Counsel's Office" or "SCO"), relating to the SCO's ongoing criminal investigations and proceedings involving former President Donald Trump and others. Specifically, Plaintiff seeks any documents or communications between the SCO and the Fulton County District Attorney's Office, which is also investigating and has brought criminal charges against Mr. Trump and others. Given the subject matter of the request—which in its entirety encompasses records that, if any such records exist, would be compiled for law enforcement purposes—the United States Department of Justice's response properly declined to confirm or deny the existence of responsive records because doing so would reveal information exempt from disclosure under the FOIA since such disclosure could reasonably be expected to interfere with the SCO's ongoing investigation and prosecutions. Defendant is therefore entitled to summary judgment in its favor.

1

**BACKGROUND**

I. **Factual Background**

On November 18, 2022, U.S. Attorney General Merrick Garland appointed Jack Smith to serve as Special Counsel to oversee two criminal investigations: (1) the ongoing investigation into violations of the law

> in connection with efforts to interfere with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote held on or about January 6, 2021, as well as any matters that arose or might arise directly from this investigation or that are within the scope of 28 C.F.R. § 600.4(a)[;]

and (2) the ongoing investigation involving the storage and handling of classified documents and other presidential records, as well as the possible obstruction of the investigation referenced and described in the United States' Response to Motion for Judicial Oversight and Additional Relief at 5-13, *Trump v. United States*, No. 9:22-cv-81294-AMC (S.D. Fla. Aug. 30, 2022), ECF No. 48, and any matters that arose or may arise directly from this investigation or that are within the scope of 28 C.F.R § 600.4(a). *See* Decl. of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 4 & Ex. A. Special Counsel Smith has also been authorized to prosecute any federal crimes arising from these investigations. *Id.* The SCO has since charged three defendants in two matters in the United States District Courts for the District of Columbia and the Southern District of Florida, and those matters are pending for trial. Brinkmann Decl. ¶ 5; *United States v. Trump*, No. 1:23-cr-257-TSC (D.D.C.); *United States v. Trump*, No. 9:23- cr-80101-AMC (S.D. Fla.).

On or about August 14, 2023, the Fulton County District Attorney's Office indicted 19 individuals, generally alleging that the defendants "knowingly and willfully joined a conspiracy to unlawfully change the outcome of the [2020] election in favor of Trump." Crim. Indictment at 14, *State of Georgia v. Trump, et al*, No. 23SC188947 (Aug. 14, 2023) at 14; available at

https://www.fultonclerk.org/DocumentCenter/View/2108/CRIMINAL-INDICTMENT?bidId=

("Crim Indictment"); *see* Brinkmann Decl. ¶ 12.

II.     **Procedural Background**

On August 24, 2023, Plaintiff submitted a FOIA request seeking:

> Records and communications of Mr. Jack Smith, Special Counsel, or his designated representative, . . . concerning:
>
> 1) The Fulton County District Attorney's Office's requesting or receiving federal funds or other federal assistance in any form relating to the investigation of former President Donald Trump or any of the other eighteen individuals against whom charges were brought in the indictment Georgia v. Donald John Trump et al., No. 23SC188947 (Aug. 14, 2023, Fulton Co. Sup. Ct.).
>
> 2) Documents and communications between DOJ and the Fulton County District Attorney's Office regarding the investigation of former President Donald Trump or any of the other eighteen individuals against whom charges were brought in the indictment Georgia v. Donald John Trump et al., No. 23SC188947 (Aug. 14, 2023, Fulton Co. Sup. Ct.)

Brinkmann Decl. ¶ 6 & Ex. B. Plaintiff filed its complaint on October 17, 2023, contending a single violation of the FOIA. ECF No. 1. Defendant answered the complaint on November 22, 2023. Def.'s Answer, ECF No. 6. On December 18, 2023, the Department of Justice's Office of Information Policy issued its final response to Plaintiff's FOIA request. Brinkmann Decl. ¶ 9 & Ex. D; *see* Joint Status Rep., ECF No. 7. In that response, Defendant refused to confirm or deny the existence of responsive records, pursuant to Exemption 7(A) of the FOIA, because it determined that it is reasonably foreseeable that confirming or denying the existence of records responsive to Plaintiff's request could be expected to interfere with enforcement proceedings and would thus harm the interests protected by that exemption. Brinkmann Decl. ¶ 9 & Ex. D; *see* 5 U.S.C. § 552(b)(7)(A). This type of response—refusing to confirm or deny the existence of records—is commonly referred to as a "Glomar" response. Brinkmann Decl. ¶ 9; *see id.* at 4 n. 1.

3

**STANDARD OF REVIEW**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). FOIA actions are typically resolved on motions for summary judgment. *See Leopold v. CIA*, 106 F. Supp. 3d 51, 55 (D.D.C. 2015); *Reliant Energy Power Generation, Inc. v. FERC*, 520 F. Supp. 2d 194, 200 (D.D.C. 2007). The court conducts a *de novo* review of the agency's response to the challenged FOIA request(s). 5 U.S.C. § 552(a)(4)(B).

**I.      Basic Overview of the FOIA.**

The FOIA mandates disclosure of government records unless the requested information falls within one of nine enumerated exemptions. *See id.* § 552(b). "A district court only has jurisdiction to compel an agency to disclose improperly withheld agency records," *i.e.* records that do "not fall within an exemption." *Minier v. CIA*, 88 F.3d 796, 803 (9th Cir. 1996) (emphasis omitted); *see also* 5 U.S.C. § 552(a)(4)(B) (providing the district court with jurisdiction only "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("Under 5 U.S.C. § 552(a)(4)(B)[,] federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"). While narrowly construed, the FOIA's statutory exemptions "are intended to have meaningful reach and application." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989); *accord DiBacco v. U.S. Army*, 795 F.3d 178, 183 (D.C. Cir. 2015).

"Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by

4

either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quotation omitted). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf v. CIA*, 473 F.3d 370, 374-75 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1105 (D.C. Cir. 1982), and *Hayden v. NSA*, 608 F.2d 1381, 1388 (D.C. Cir. 1979)). Agency declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims[.]" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (cleaned up).

## II.    Summary Judgment Following Assertion of a Glomar Response.

A Glomar response allows the Government to "refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under an FOIA exception." *Wolf*, 473 F.3d at 374 (quoting *Gardels*, 689 F.2d at 1103); *accord Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 89 (D.D.C. 2016) ("The Glomar doctrine applies when confirming or denying the existence of records would itself cause harm cognizable under a FOIA exception.") (cleaned up). The Court should afford "substantial weight" to an agency's determination(s) to assert Glomar responses. *Sea Shepherd Conservation Society*, 208 F. Supp. 3d at 89. Summary judgment is appropriate when the asserting agency shows through affidavits or declarations that "acknowledging the mere existence of responsive records would disclose exempt information." *Elec. Privacy Info. Ctr. v. NSA*, 678 F.3d 926, 931 (D.C. Cir. 2012). "In Glomar cases, courts may grant summary judgment on the basis of agency affidavits that contain 'reasonable specificity of detail rather than mere conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Id.* (italics omitted) (quoting *Gardels*, 689 F.2d at 1105). "The supporting affidavit must justify the Glomar response based on 'general exemption review standards in non-Glomar cases." *Id.* (italics omitted) (quoting *Wolf*, 473 F.3d at 374–75). Ultimately, the Government can establish

5

the appropriateness of the Glomar response by demonstrating that it is "logical" or "plausible." *Wolf*, 473 F.3d at 375.

## ARGUMENT

### Defendant Correctly Invoked Its Glomar Responses Under FOIA Exemption 7(A).

To confirm or deny the existence (or nonexistence) of records responsive to Plaintiff's FOIA request would reveal the existence or absence of communications between the Fulton County District Attorney's Office and SCO as related to specific, ongoing criminal investigations and enforcement proceedings and can reasonably be expected to interfere with those investigations and proceedings. For this reason, as further discussed below, Defendant's assertion was proper.

**A. The Threshold for Reliance on Exemption 7 is Satisfied Here.**

Before an agency can invoke any of the harms enumerated in FOIA Exemption 7, it must first demonstrate that the records or information at issue were compiled for law enforcement purposes. *See* 5 U.S.C. § 552(b)(7). Consequently, to rely upon Exemption 7(A), Defendant must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within Defendant's law enforcement duty. *See, e.g., Jefferson v. Dep't of Just., Off. of Pro. Resp.*, 284 F.3d 172, 177 (D.C. Cir. 2002) (noting the "two-part test whereby the government can show that its records are law enforcement records: the investigatory activity that gave rise to the documents is 'related to the enforcement of federal laws,' and there is a rational nexus between the investigation at issue and the agency's law enforcement duties.") (quoting *Pratt v. Webster*, 673 F.2d 408, 420-21 (D.C. Cir. 1982)).

Any records that would fall within the ambit of Plaintiff's FOIA request satisfy these requirements. The Special Counsel's appointment and efforts are expressly related to the enforcement of federal laws, and the Special Counsel is currently prosecuting three individuals for violations of those laws. *See United States v. Trump*, No. 9:23-CR-80101-AMC (S.D. Fla. June 8,

6

2023), ECF Nos. 3 and 85; Indictment, *United States v. Trump*, No. 1:23-CR-00257-TSC (D.D.C. Aug. 1, 2023), ECF No. 1; Brinkmann Decl. ¶¶ 4-5; *id.* ¶ 12. Further, the specific communications sought in Plaintiff's request consist of potential communications from the Special Counsel with the Fulton County District Attorney's Office that relate to certain individuals against whom charges were brought after the Fulton County investigation resulted in a criminal indictment, which itself is interrelated with the activity that the SCO has been tasked to investigate, namely the efforts to interfere with the lawful transfer of power following the 2020 presidential election or the certification of the Electoral College vote. Indeed, the SCO has brought similar charges of its own, against the specific individual named in Plaintiff's request. *See id.*; *compare* Indictment, *United States v. Donald J. Trump*, No. 1:23-CR-00257-TSC (D.D.C. Aug. 1, 2023), ECF No. 1 *with* Crim. Indictment. Any potential responsive materials are thus related to SCO's investigatory activity for purposes of enforcing federal laws and the specific law enforcement duties for which the Special Counsel was appointed. *See* Brinkmann Decl. ¶ 12; *see also id.* ¶ 4.

### B. Defendant Properly Asserted FOIA Exemption 7(A) in Issuing a Glomar Response.

Exemption 7(A) protects records or information "compiled for law enforcement purposes" when disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). As the D.C. Circuit has explained, "Exemption 7(A) reflects the Congress's recognition that 'law enforcement agencies ha[ve] legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it [comes] time to present their case.'" *Citizens for Resp. & Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1096 (D.C. Cir. 2014) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978)). "To justify withholding, [an agency] must therefore demonstrate that 'disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or

7

reasonably anticipated.'" *Id.* (quoting *Mapother v. DOJ*, 3 F.3d 1533, 1540 (D.C. Cir. 1993)). When assessing the first prong of this analysis, courts must "'give deference to an agency's predictive judgment of the harm that will result from the disclosure of information.'" *Cable News Network, Inc. v. FBI*, 298 F. Supp. 3d 124, 129 (D.D.C. 2018) (quoting *Citizens for Resp.*, 746 F.3d at 1098). The latter two prongs typically may be satisfied by pointing to a pending investigation or proceeding. *See Citizens for Resp.*, 746 F.3d at 1098.

Here, the SCO's investigation and prosecution of former President Donald Trump, alleging *inter alia* that Mr. Trump "[d]espite having lost [the 2020 election] . . . was determined to remain in power" including through conspiracies using "unlawful means of discounting legitimate votes and subverting the [2020] election results" is currently pending in this District, satisfying the latter two prongs of the exemption. Indictment ¶¶ 2, 4, *United States v. Trump*, No. 1:23-CR-00257-TSC (D.D.C. Aug. 1, 2023), ECF No. 1; *cf.* Crim. Indictment at 14 (alleging that certain individuals, including Mr. Trump, "knowingly and willfully joined a conspiracy to unlawfully change the outcome of the [2020] election in favor of Trump").

Likewise, disclosure of the existence or nonexistence of any of the requested records could reasonably be expected to interfere with the SCO's pending enforcement proceeding against Mr. Trump in this District. As Ms. Brinkmann explains,

> Plaintiff's FOIA request seeks records of communications between the SCO and the D.A.'s Office regarding the investigation and prosecution of a common defendant and a related subject matter. Any such potential communications concerning the investigation, including acknowledging the existence or nonexistence thereof, could reveal information about the nature, scope, and direction of the SCO's investigation. As such, it would be impossible to acknowledge the existence or nonexistence of records responsive to this request without violating the interests protected by Exemption 7(A).

Brinkmann Decl. ¶ 15. In reaching this conclusion, Ms. Brinkmann's office "conferred directly with the SCO in assessing risk to its investigation and ongoing prosecution should it be required

8

to acknowledge the existence or nonexistence of records responsive to Plaintiff's FOIA request." *Id.* ¶ 16. As the SCO explained, "its ongoing criminal enforcement proceedings could be adversely affected by an acknowledgement of the existence or non-existence of any such communications between the two offices related to the SCO's ongoing enforcement actions because it could reveal information about the nature, scope and direction of the SCO's investigation." *Id.* Specifically, "[d]isclosure of whether or not . . . the SCO has communicated with . . . the D.A.'s Office concerning the criminal proceedings could allow defendants, potential persons of interest, or adversarial third parties to draw inferences or conclusions as to the nature, direction, and scope of the respective investigations and proceedings." *Id.* As but some examples, SCO has determined that "if such records were acknowledged, defendants, persons of interest, adversarial third parties, or even witnesses could modify or alter their testimony or assistance, or could potentially fabricate or destroy evidence."[1] *Id.* These concerns identified by the SCO are precisely the kinds of harm that courts consistently recognize support withholding material under Exemption 7(A). *See, e.g.*, *Farahi v. FBI*, 643 F. Supp. 3d 158, 171 (D.D.C. 2022) (concluding that release of "evidentiary and investigative materials" including "records documenting and detailing the exchange of information among law enforcement partners could "disclose investigative information developed by various agencies that would identify the investigative interest in particular individuals" would "interfere with enforcement proceedings") (cleaned up); *see also Boyd v. Crim. Div. of DOJ*, 475 F.3d 381, 386 (D.C. Cir. 2007) ("The government meets its burden [under Exemption 7(A)] by demonstrating that release of the requested information would reveal the size, scope and direction

---

[1] Importantly, as Ms. Brinkmann further explains, "[t]hese potential concerns could be exploited regardless of whether there are no records (indicating that there has been no assistance or communications between the two entities) or a voluminous amount of responsive records (indicating substantial coextensive involvement)." Brinkmann Decl. ¶ 16.

of the investigation" thereby allowing potential targets "to destroy or alter evidence, fabricate fraudulent alibis, and take other actions to frustrate the government's case.") (cleaned up). The SCO's "predictive judgment of the[ese] harm[s] that will result from . . . disclosure," is entitled to "deference," and Exemption 7(A) thus requires that Defendant not be compelled to acknowledge the existence, or lack thereof, of the requested records. *Cable News Network, Inc.*, 298 F. Supp. 3d at 129.

For the same reasons, FOIA's "foreseeable harm" requirement is satisfied here. *See* 5 U.S.C. § 552(a)(8)(A)(I) ("An agency shall withhold information under this section only if … the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b)."); *Chaverra v. U.S. Immigr. & Customs Enf't*, No. 18-289, 2023 WL 6291642, at *2 (D.D.C. July 31, 2023) (stating that "the D.C. Circuit does not require an agency to articulate a separate explanation for each individually withheld record to satisfy the foreseeable harm provision's requirements" and that the agency "may, instead, satisfy that burden on a category-by-category basis … that is, group together like records and explain the harm that would result from release of each group") (cleaned up). Here, the foreseeable harm determined by Defendant is the reasonable expectation of "interference with the SCO law enforcement matters" articulated above. Brinkmann Decl. ¶ 17; *see id.* ("Disclosure of [the existence or nonexistence of records responsive to Plaintiff's FOIA request] could harm ongoing enforcement proceedings by jeopardizing the integrity of the ongoing investigative and prosecutorial efforts, for the reasons articulated above.").[2]

---

[2] Because Defendant has asserted a Glomar response pursuant to FOIA Exemption 7(A), refusing to confirm or deny the existence of records responsive to Plaintiff's FOIA request to prevent the interference with the SCO's ongoing enforcement proceedings, there is by definition no information that could reasonably be segregated for release. Brinkmann Decl. ¶ 18; *cf.* 5 U.S.C.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion and enter summary judgment in its favor on Plaintiff's claim.


DATED: March 29, 2024                    Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General

                                         ELIZABETH J. SHAPIRO
                                         Deputy Director

                                         */s/ Christopher M. Lynch*
                                         CHRISTOPHER M. LYNCH
                                         (D.C. Bar No. 1049152)
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         1100 L St., NW
                                         Washington, DC 20005
                                         Telephone: (202) 353-4537
                                         Facsimile: (202) 616-8470
                                         Email: Christopher.M.Lynch@usdoj.gov

                                         *Counsel for Defendant*

---

§ 552(b) (requiring an agency to provide "[a]ny reasonably segregable portion of a record . . . to any person requesting such records after deletion of the portions which are exempt").