**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 1:23-cv-3110 (DLF) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this reply in support of its cross-motion for summary judgment:

In its opening brief, Plaintiff demonstrated that Defendant has failed to meet its burden to maintain a *Glomar* response under Exemption 7(A). This case is a textbook example of the government trying to stretch the *Glomar* doctrine "too far" by relying on "a fiction of deniability that no reasonable person would regard as plausible," something the D.C. Circuit expressly has warned against. *ACLU v. CIA*, 710 F.3d 422, 431 (D.C. Cir. 2013).

1. Defendant misses the point by claiming it should not have to "admit the existence of responsive records" to assert a *Glomar* response. On the contrary, Defendant is required to demonstrate disclosure could "reasonably be expected to interfere" with pending law enforcement proceedings. *Citizens for Responsibility and Ethics in Wash. v. DOJ*, 746 F.3d 1082, 1096 (D.C. Cir. 2014)). Defendant never explains how records unrelated to "evidentiary or investigative" materials could possibly interfere with the SCO's prosecutions. As Plaintiff

pointed out in its opening brief, a myriad of such records would be responsive and in no plausible way would interfere with the prosecution.

2. Defendant also casually overlooks that these prosecutions are unique, in fact, unprecedented. It is now clear, and unrefuted, that the scope, nature, and direction of the SCO's efforts are both well-established and can be discerned from the indictment, publicly available case files, and transcripts and recordings of arguments. Defendant has no response as to how disclosure of mundane communications could interfere with the SCO's investigation.

3. Finally, Defendant does not dispute that Fulton County has communicated with other "federal officials," only claiming that there is no direct evidence that this includes the SCO. Again, Defendant asks that the Court cover it eyes to what is not just plausible, but quite likely – that two prosecutors bringing indictments within two weeks of each other against the same defendant and over the same conduct almost certainly had some communication with each other. Again, in light of this, interference with law enforcement proceedings is not plausible. A blanket *Glomar* response in this context is unmoored from reality.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in its cross motion, Plaintiff respectfully requests that the Court deny Defendant's motion for summary judgment, grant Plaintiff's cross motion, and order the FBI to process Plaintiff's request.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ *James F. Peterson*
James F. Peterson
DC Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5175
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*

June 20, 2024