UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,

    *Defendant.*

No. 23-cv-03110 (DLF)

**ORDER**

    Judicial Watch, Inc. brings this action against the U.S. Department of Justice ("DOJ") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Before the Court are the defendant's Motion for Summary Judgment, Dkt. 9, and Judicial Watch's Cross Motion for Summary Judgment, Dkt. 12. For the reasons that follow, the Court will deny the defendant's motion and grant the plaintiff's cross motion.

    In November 2022, Attorney General Merrick Garland appointed Jack Smith to serve as Special Counsel overseeing two criminal investigations, concerning (1) inference in the 2020 presidential election and the certification of the Electoral College vote on January 6, 2021; and (2) the storage and handling of classified documents and presidential records. *See* Def.'s Statement of Material Facts at 1, Dkt. 9-2; Decl. of Vanessa R. Brinkmann ¶ 4, Dkt. 9-3. The Special Counsel obtained indictments against then-former President Trump and two other defendants in the federal district courts for the Southern District of Florida and the District of Columbia. *See United States v. Trump*, No. 23-cr-80101 (AMC) (S.D. Fla.); *United States v. Trump*, No. 23-cr-257 (TSC) (D.D.C.). On August 14, 2023, the Georgia Fulton County District Attorney's Office indicted 19 individuals related to a criminal conspiracy to unlawfully alter the outcome of the 2020 presidential

election in favor of President Trump.  *See* Brinkmann Decl. ¶ 12.  On August 24, 2023, Judicial Watch submitted a FOIA request seeking:

> 1) The Fulton County District Attorney's Office's requesting or receiving federal funds or other federal assistance in any form relating to the investigation of former President Donald Trump or any of the other eighteen individuals against whom charges were brought [in the indictment *Georgia v. Donald John Trump et al.*, No. 23SC188947 (Aug. 14, 2023, Fulton Co. Sup. Ct.)]
>
> 2) Documents and communications between DOJ and the Fulton County District Attorney's Office regarding the investigation of former President Donald Trump or any of the other eighteen individuals against whom charges were brought [in the indictment *Georgia v. Donald John Trump et al.*, No. 23SC188947 (Aug. 14, 2023, Fulton Co. Sup. Ct.)]

*See* Brinkmann Decl. ¶ 6;  Def.'s Statement of Material Facts, Ex. C, at 15.

On December 18, 2023, the DOJ Office of Information Policy issued its final response to the plaintiff's FOIA request.  Brinkmann Decl. ¶ 9; *see* Def.'s Statement of Material Facts, Ex. C, at 23.  DOJ refused to confirm or deny the existence of responsive records under Exemption 7(A) of FOIA, *see* 5 U.S.C. § 552(b)(7)(A) (exempting records that could be reasonably expected to interfere with enforcement proceedings), and the *Glomar* doctrine, *see Sea Shepherd Conservation Soc'y v. IRS*, 208 F. Supp. 3d 58, 89 (D.D.C. 2016) ("The Glomar doctrine applies when confirming or denying the existence of records would itself cause harm cognizable under a FOIA exception." (cleaned up)).  DOJ explained that disclosing the existence of responsive records could be reasonably expected to interfere with the Special Counsel's then-ongoing prosecutions.  *See* Def.'s Statement of Material Facts, Ex. C, at 23.  Judicial Watch filed the instant suit and the parties cross-moved for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When a federal agency

moves for summary judgment in a FOIA case, all facts and inferences must be viewed in the light most favorable to the requester, and the agency bears the burden of showing that it complied with FOIA. *Chambers v. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009). The agency bears the burden of justifying the application of any exemptions, "which are exclusive and must be narrowly construed." *Mobley v. CIA*, 806 F.3d 568, 580 (D.C. Cir. 2015). Federal courts rely on agency affidavits to determine whether an agency complied with FOIA. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). Agency affidavits are entitled to a presumption of good faith, *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and a court may grant summary judgment based on an affidavit if it contains reasonably specific detail and is not called into question by contradictory record evidence or evidence of bad faith, *Judicial Watch v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013).

Exemption 7(A) of FOIA permits an agency to withhold documents if disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 928 (D.C. Cir. 2003). "To justify withholding, [an agency] must therefore demonstrate that 'disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are (3) pending or reasonably anticipated.'" *Citizens for Resp. and Ethics in Washington v. DOJ*, 746 F.3d 1082, 1096 (D.C. Cir. 2014) (quoting *Mapother v. DOJ*, 3 F.3d 1533, 1540 (D.C. Cir. 1993)). "The proceeding must remain pending at the time of [the Court's] decision, not only at the time of the initial FOIA request." *Id.* at 1097. Under the *Glomar* doctrine, an agency "may refuse to confirm or deny the existence of records where to answer the FOIA inquiry would cause harm cognizable under a[] FOIA exception." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)).

Since DOJ filed its motion for summary judgment and supporting Declaration in March 2024, the Special Counsel's criminal enforcement actions have been terminated. *See United States v. Trump*, No. 23-cr-80101 (AMC) (S.D. Fla.), Dkt. 677; *United States v. Trump*, No. 23-cr-257 (TSC) (D.D.C.), Dkt. 285. The cases are "closed—not pending or contemplated—and therefore are not proceedings with which disclosure may interfere." *Citizens for Resp. and Ethics in Washington*, 746 F.3d at 1097; *see North v. Walsh*, 881 F.2d 1088, 1100 (D.C. Cir. 1989). Thus, the agency's sole justification for invoking the *Glomar* doctrine under Exemption 7(A) is no longer applicable.

Accordingly, the Court will deny DOJ's motion for summary judgment and grant the plaintiff's cross motion. DOJ is directed to process the plaintiff's FOIA request and either "disclose any [responsive] records or establish both that their contents are exempt from disclosure and that such exemption has not also been waived." *Wolf*, 473 F.3d at 374.

## CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the defendant's Motion for Summary Judgment, Dkt. 9, is **DENIED**, and the plaintiff's Cross Motion for Summary Judgment, Dkt. 12, is **GRANTED**. It is further

**ORDERED** that the parties shall meet and confer, and on or before February 21, 2025, file a joint status report (1) updating the Court on the status of the plaintiff's FOIA request and (2) proposing a schedule for further proceedings.

**SO ORDERED**.

_____
DABNEY L. FRIEDRICH
United States District Judge

January 28, 2025